UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIRT K. HALL                                              CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                 NO. 99-0541-RET-DLD

O R D E R

This matter comes before the Court on the petitioner's Motion for Leave to Conduct Discovery, rec.doc.no. 56. This motion is not opposed.

A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 Proceedings permits discovery only if and only to the extent that the district court finds good cause." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000). See also United States v. Webster, 392 F.3d 787 (5th Cir. 2004)("A habeas petitioner may 'invoke the process of discovery available under the Federal rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'")(citation omitted). "Good cause" has been characterized by the United States Fifth Circuit as being present "when a petition for habeas relief establishes a prima facie [case] for relief". Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000). See also Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)("A federal habeas court must allow discovery ... only where a factual dispute, if resolved in [the petitioner's] favor, would entitle him to relief.")(Emphasis added). Determination of good cause is a fact-intensive inquiry, and Rule 6 does not allow for "fishing expeditions". Murphy, supra. See also Webster v. Travis, 2008 WL 3166800 (E.D. La. Aug. 5, 2008).

In the instant case, the petitioner, convicted of second degree murder, asserts that he was provided with ineffective assistance of counsel at trial due to his counsel's conflict of interest. According to the petitioner, this conflict arose because, at the time of the petitioner's criminal trial

and unbeknownst to the petitioner, his counsel, Robert F. Monahan, was laboring under indictments issued by both federal and state authorities on drug charges. The petitioner asserts that, as a result, his counsel failed to take appropriate actions on the petitioner's behalf or took actions to the petitioner's detriment in an effort to obtain favorable treatment from state and federal authorities in connection with the pending indictments. Although the petitioner's habeas corpus case was initially dismissed by this Court, the matter has since been remanded by the United States Court of Appeals for the Fifth Circuit in order to allow the petitioner to amend his application in an attempt to show deficient performance and actual prejudice resulting from his counsel's performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The petitioner now seeks discovery from (1) the East Baton Rouge Parish District Attorney's Office, (2) the East Baton Rouge Parish Clerk of Court, and (3) the United States Attorney's Office for the Middle District of Louisiana.

Initially, the Court notes that, although granted an opportunity to object to the petitioner's proposal for discovery, the respondent State of Louisiana has declined to make such objection. Instead, at least with regard to the interrogatories and requests for production of documents which the petitioner hoped to propound to the East Baton Rouge Parish District Attorney's Office, the State has in fact responded thereto by answering the proposed interrogatories and providing responses to the proposed requests for production. Accordingly, with regard to the petitioner's motion for leave to conduct discovery vis-a-vis the East Baton Rouge Parish District Attorney's Office, the petitioner's motion shall be denied as moot inasmuch as the record reflects that a response has been filed thereto.

The petitioner also seeks discovery from the East Baton Rouge Parish Clerk of Court. In this regard, the petitioner seeks to obtain database documentation, if it exists, providing information relative to all cases in which his trial attorney, Robert F. Monahan, was enrolled as counsel in the 19th Judicial District Court for the Parish of East Baton Rouge between July, 1991, and December,

1992. This request shall be denied. The petitioner does not specifically indicate what facts may be established from this information which would entitle him to relief, nor does he make any showing that this information is unavailable through other means, as for example, through an informal request or an on-site computer search at the office of the Clerk of Court for the 19th Judicial District Court. See Murphy v. Johnson, supra. In fact, this Court has been advised, by telephone communication with the referenced Clerk of Court's office, that a computer search may be conducted, oriented by attorney's name, seeking all cases in which a particular attorney has been listed as counsel. With this information, the petitioner should be able to obtain, without court intervention, the referenced docket sheets and the information sought relative to such cases.

Finally, the petitioner seeks discovery from the United State Attorney's Office for the Middle District of Louisiana of broad categories of information, including essentially **all** file materials, recordings, videos, evidence, correspondence, notes, memoranda and other documentation in the possession of the United States Attorney's Office relative to the investigation, indictment and criminal prosecution of attorney Robert F. Monahan, including any agreements or understandings between attorney Monahan and the United States Attorney's Office relative to Monahan's future obligations in connection with pending state and federal cases in which Monahan was involved, and all documentation regarding the resulting plea agreement, the scheduling of same, and the subsequent sentencing.

In the Court's view, the petitioner's request for information is entirely over-broad and, in the unlikely event that it were not contested by the United States Attorney's Office pursuant to 28 C.F.R. § 16.21, et seq., would result in the production of a large amount of documentation and material not relevant to the issue presently before the Court.[1] The petitioner has not made a

---

[1] The referenced regulations, 28 C.F.R. §§ 16.21, et seq., set out the steps that a requesting and responding party must take when information is sought from the Department of Justice ("DOJ") or its agents or employees. See State of Louisiana v. Sparks, 978 F.2d 226 (5th Cir. 1992). In the event that a requesting party is not satisfied with the DOJ's response to a

3

showing of the need for such far-ranging materials and, so, has not shown good cause for the production of same. To the contrary, by requesting such information, the petitioner is clearly engaging in a "fishing expedition" which is inappropriate in connection with a federal habeas corpus proceeding. Murphy v. Johnson, supra.

Notwithstanding the foregoing, the discreet issue before this Court (as to information which may be in the possession of the United States Attorney's Office) is whether attorney Monahan, by virtue of the pending federal indictment and subsequent plea negotiations and sentencing, provided ineffective assistance of counsel to his client, the petitioner herein, in the petitioner's unrelated criminal case pending in state court. It would seem, therefore, that information relevant to this issue and potentially in the possession of the United States Attorney's Office would consist, not of the entire U.S. Attorney's file, including all evidentiary materials and all documentation contained therein, but only of documentation relative to (1) the date upon which Monahan may have become aware that he was the target of the federal criminal investigation, (2) the scheduling of Monahan's arraignment, guilty plea and sentencing, (3) any communications - written, oral or memorialized in notes or memoranda - between Monahan and the United States Attorney's Office regarding Monahan's future obligations relative to his duty to diligently defend his state court client, and (4) any reduction in sentence provided to Monahan by reason of his assistance to prosecutors. While counsel for the petitioner will undoubtedly seek to infer Monahan's failure to diligently defend his client from the mere fact of the pending federal (and state) indictments, and the scheduling of plea and sentencing proceedings, the petitioner has not shown, and the Court is not convinced, that production of the more far-reaching documentation sought by the petitioner will assist in this regard. Accordingly, the Court will allow the enumerated discovery sought by the petitioner but with limitations placed on this discovery deemed appropriate by the Court as a result of the narrow

---

request for information or testimony, the individual may pursue administrative remedies in accordance with the Administrative Procedure Act, 5 U.S.C.A. §§ 701 et seq.

scope of discovery allowed in habeas corpus proceedings. These limitations are itemized as follows:

> Item No. 1 of the petitioner's request for discovery, see rec.doc.no. 57, p. 7, which calls for production of virtually the entire file of the U.S. Attorney's Office, shall be disallowed as over-broad and beyond the scope of discovery in a federal habeas corpus proceeding;
>
> Item No. 2 of the petitioner's request for discovery, see rec.doc.no. 57, p. 8, which calls for documentation relative to the scheduling of Monahan's arraignment, guilty plea, and sentencing, shall be allowed as written;
>
> Item No. 3 of the petitioner's request for discovery, see rec.doc.no. 57, p.8, shall be disallowed. This request calls for information, not in document form, which is obtainable only through deposition or by other means. Although the petitioner requests that an "interrogatory" be addressed to the U.S. Attorney's Office requesting this information, the Federal Rules of Civil Procedure to not provide a mechanism for interrogatories addressed to non-parties;
>
> Item No. 4 of the petitioner's request for discovery, see rec.doc.no. 57, p. 8, which calls for documentation relative to attorney Monahan's future obligations as counsel in pending criminal proceedings, shall be allowed, with the limitation that such documentation shall be limited to Monahan's obligations as counsel in the petitioner's pending criminal proceedings in state court;
>
> Item No. 5 of the petitioner's request for discovery, see rec.doc.no. 57, p.8, which calls for all grand jury subpoenas issued by the U.S. Attorney's Office in connection with the investigation of attorney Monahan, shall be disallowed. The petitioner has not shown why this information is relevant or necessary to the issues in this case, and the Court does not otherwise discern such relevance;
>
> Item No. 6 of the petitioner's request for discovery, see rec.doc.no. 57, p. 8, which calls for documentation relative to when attorney Monahan learned that he was a target of a federal investigation, shall be allowed. However, that part of the request which calls for documentation reflecting "how Monahan became a target of investigation, the scope of the investigation, [and] the crimes for which Monahan was being investigated" shall be omitted as over-broad and beyond the scope of appropriate discovery; and
>
> Item No. 7 of the petitioner's request for discovery, see, rec.doc.no. 57, p. 8, which calls for documentation which addresses or reflects that Monahan received a reduction in sentence based upon assistance to prosecutors, shall be allowed. However, that part of the request which calls for all documentation "regarding the sentence Monahan received ..." shall be omitted as over-broad and having the potential to include discovery not relevant to the issues pertinent to this case.

Based on the foregoing,

**IT IS ORDERED** that the petitioner's Motion for Leave to Conduct Discovery, rec.doc.no.

56, to the extent that it seeks discovery from the Office of the Louisiana Attorney General, be and it is hereby **DENIED IN PART AS MOOT,** inasmuch as it appears from the record that the State has responded to the proposed discovery.

**IT IS FURTHER ORDERED** that the petitioner's Motion for Leave to Conduct Discovery, rec.doc.no. 56, be and it is hereby **DENIED IN PART**, such that the petitioner's proposed discovery to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge shall not be allowed.

**IT IS FURTHER ORDERED** that the petitioner's Motion for Leave to Conduct Discovery, rec.doc.no. 56, be and it is hereby **GRANTED IN PART**, such that the petitioner's proposed discovery to the United States Attorney's Office for the Middle District of Louisiana shall be allowed, calling only for the production of:

> Copies of any and all notes, memoranda and/or other documentation within the possession, custody or control of the Office of the United States Attorney for the Middle District of Louisiana regarding the scheduling of Monahan's arraignment/guilty plea and his subsequent sentencing in federal court in United States v. Monahan, M.D. La., No. 92-CR-11;
>
> Copies of any and all notes, memoranda and/or other documentation within the possession, custody or control of the Office of the United States Attorney for the Middle District of Louisiana regarding Monahan's obligations as counsel in State v. Hall, 19th JDC, No. 4-92-528;
>
> Copies of any and all documents, including any target letters, within the possession, custody or control of the Office of the United States Attorney for the Middle District of Louisiana reflecting when Robert Monahan became a target of investigation and when Monahan became aware and/or was first advised by the federal government of the fact that he was a target of investigation by the United States Attorney for the Middle District of Louisiana, and/or other state or federal investigatory or prosecuting agency;
>
> Copies of any and all documentation within the possession, custody or control of the Office of the United States Attorney for the Middle District of Louisiana addressing or reflecting that Monahan received a reduction in sentence based upon his substantial assistance to prosecutors or for any other reason.

The Clerk of Court is directed to comply with the petitioner's request for issuance of a subpoena, and the petitioner is directed to complete the subpoena as stated herein and to effect service

thereof in accordance with Rule 45 of the Federal Rules of Civil Procedure and in accordance with the requirements of 28 C.F.R. §§ 16.21 et seq.[2]

Signed in Baton Rouge, Louisiana, on September __25__, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

---

[2] Although the petitioner appears to suggest that the Court prepare and issue the requested subpoena, it is appropriate that the petitioner to do so in accordance with Rule 45(a)(3).